# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANNE SUE MELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. CIV-13-613-HE |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record, ECF No. 11, (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this report and recommendation.

## PROCEDURAL HISTORY

Plaintiff's applications were denied initially and on reconsideration at the administrative level. At her request, Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ), who issued an unfavorable decision on June 27, 2012. (TR. 13-24). Plaintiff appealed the ALJ's unfavorable decision to the Social Security

Appeals Council, which found no reason to review the ALJ's decision (TR. 1-5). This judicial appeal followed.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. See Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's applications, the ALJ followed the sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date of June 9, 2010 (TR. 15). At step two, the ALJ determined that Plaintiff has severe impairments consisting of spondylolisthesis at L5-S1; obesity; diabetes mellitus; hypothyroidism; hypertension; and fibromyalgia (TR. 15). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of sedentary work as defined in 20 CFR 404.1567(a), 416.967(a)

(TR. 17). At the second phase of step four, the ALJ identified Plaintiff's past relevant work as a nurse's aide and a medication aide, jobs that the vocational expert (VE) testified are generally performed at the medium exertional level (TR. 23, 53-54). Accordingly, at the third phase of step four, the ALJ determined that Plaintiff cannot perform her past relevant work (TR. 23).

At the fifth step of the sequential evaluation, the ALJ found that Rule 201.28 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, directed a finding of "not disabled" (TR. 24). Nevertheless, the ALJ went on to state that, based on the testimony of the VE, Plaintiff could perform the jobs of "Clerical mailer" and "Assembler" (TR. 24). Accordingly, the ALJ found that Plaintiff was not disabled, and this decision became the final decision of the Commissioner.

## ISSUES FOR REVIEW

Plaintiff contends the Commissioner's final decision should be reversed and remanded because the ALJ relied on a physician's opinions contained in the medical records that related to a patient who was not the Plaintiff. Plaintiff challenges this flaw in the Administrative Record based on the ALJ's having relied on these irrelevant medical records to discredit the opinions of treating sources that *were* relevant to Plaintiff, as well as to discredit Plaintiff's credibility. Additionally, Plaintiff challenges the ALJ's failure to give specific and legitimate reasons to justify the rejection of the medical opinions of Plaintiff's treating orthopedist. Finally, Plaintiff contends the ALJ ignored significantly probative evidence and improperly disregarded portions of the treating source's evidence that conflicted with the ALJ's findings.

**ANALYSIS**

**I. Erroneously Included Evidence**

Plaintiff contends that the ALJ's reliance on the medical records that were not about her is reversible error. In this instance, she is correct. As Plaintiff states in her brief, the ALJ not only gave the opinions contained in these medical records "considerable weight," (TR. 22), but he also relied on the opinions concerning diagnosis and severity of pain to discredit the medical opinions of other doctors and of Plaintiff herself. ECF No. 13:17-18.

The records received from Dr. Thomas Wuller purportedly relate to Plaintiff. A name similar to hers is on the medical records, but only as "Guarantor." (TR. 448-452). The *patient*, however, is described as a seventy-five-year-old male whose insurance is listed as "Medicare" (TR. 448, 450). On the date of the administrative hearing, Plaintiff was only thirty-eight-years-old (TR. 39). Notwithstanding his advanced age, the incorrectly-identified patient was assessed only with "strain of the lumbar region" and was noted to have "no pain with full range of motion" (TR. 20; 449). Other records produced by Dr. Wuller detail a total hip replacement for this patient. (TR. 510-511). Nothing in the rest of the administrative record indicates that Plaintiff ever underwent a hip replacement.

Rather than "lumbar strain," one of Plaintiff's treating physicians, Dr. Nieman, assessed Plaintiff with fibromyalgia, arthritis, anxiety disorder, menorrhagia, hypertension and obesity (TR. 22; 223-258). On April 21, 2011, Plaintiff was treated at the Stillwater branch of the Tulsa Bone and Joint clinic (TR. 455-456). The examiner

4

noted that Plaintiff's MRI study showed disc desiccation at L4-L5, L5-S1, with a visible pars fracture at L5. She reported her pain as 10.

The Commissioner agrees the records from Dr. Wuller relate to a different patient. She urges this court, however, to view the error as "harmless." ECF No. 14:4-8. In support of her argument, the Commissioner relies primarily on an unpublished opinion from the United States District Court for the District of Kansas, *Hatfield-Blake v. Astrue*, No. 09-1072-SAC, 2010 WL 2232702 at *3 (D. Kan. June 1, 2010). There, the administrative record contained an RFC assessment prepared by a medical source for a different claimant. As the court noted, however, both parties agreed that the ALJ implicitly rejected the erroneously-included opinion, as none of the assessed limitations were included in the ALJ's final RFC determination. In *Hatfield-Blake*, therefore, the mere fact that the administrative record contained an RFC assessment unrelated to the claimant, did not constitute reversible error because the ALJ's unfavorable decision was not influenced or affected by the erroneously-included RFC assessment.

A conclusion that the ALJ's decision was unaffected by the erroneously-included evidence in the instant case, however, is not supported by the record. In fact, far from rejecting the erroneously-included evidence, the ALJ gave that evidence "considerable weight" (TR. 22). Because inclusion of the erroneous medical records cannot be considered harmless error, it is recommended that the Commissioner's final decision be reversed and remanded for further proceedings.

## II. Analysis of Medical Evidence

Plaintiff also challenges the ALJ's analysis of the opinions of her actual treating physicians. ECF No. 13:23-24. This assignment of error is also valid. The ALJ's discussion of the opinions of several of Plaintiff's treating physicians is incomplete.

Analysis of a treating physician's opinion is a two-step process. First, the ALJ must determine whether to give the opinion "controlling weight." The opinion must be given controlling weight if it "is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ did not include analysis of this first step in his unfavorable decision. The Court infers, however, that the ALJ did not give controlling weight to the treating physicians' opinions.

When an ALJ does not give controlling weight to the opinion of a treating physician, the ALJ must proceed to the second step of the analysis and decide "whether the opinion should be rejected altogether or assigned some lesser weight." *Newbold v. Colvin*, 718 F.3d 1257, 1265 (10th Cir. 2013) (internal citation and quotations omitted). Treating source medical opinions not entitled to controlling weight "are still entitled to deference" and must be evaluated in light of the factors in the relevant regulations, 20 C.F.R. §§ 404.1527 and 416.927. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The Tenth Circuit Court of Appeals set out those factors as follows:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree

6

> to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (internal quotation marks omitted).

As noted above, the ALJ obviously did not accord any of the opinions of treating physicians "controlling weight." Rather, the ALJ summarized the diagnoses included in the opinions and then, without further analysis, made conclusory statements describing the weight he had afforded each opinion. Thus the ALJ's analysis is not evident from the record, giving this Court nothing to review.

On remand, the ALJ should thoroughly analyze and discuss each treating physician opinion, following the two-step process described herein.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the ALJ's decision is not supported by substantial evidence in the record. Thus, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 22, 2014**. The parties are

7

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 7, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE